IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| -vs- | ) |
| | ) Criminal No. 04-226 |
| PETER GOODEN, | ) |
| | ) |
| | ) Civil Action No. 07-580 |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

Before the Court is Defendant's petition for habeas relief pursuant to 28 U.S.C. § 2255. On September 1, 2004, Defendant was indicted for conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846, and willfully making a false statement, in violation of 18 U.S.C. § 1001(a)(2). On June 24, 2005, Defendant entered a general plea of guilty to both counts of the indictment. Defendant disagreed with the Government's position that 700 kilograms of marijuana were involved in the conspiracy, and pleaded only to 100 kilograms. On February 1, 2006, Defendant was sentenced. He took no appeal. Subsequently, on May 2, 2007, Defendant filed the instant Motion.

### I. STANDARD OF REVIEW

A district court need not hold an evidentiary hearing on a Section 2255

motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, No. 02-2604, 2004 U.S. App. LEXIS 5692, at *4 (3d Cir. Mar. 26, 2004). Under that standard, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962).

Finally, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). I will consider Defendant's Motion according to these standards.

## II. DEFENDANT'S MOTION

Section 2255 imposes a one-year limitation period, which runs from the date on which the judgment of conviction becomes final. A judgment of conviction becomes final when the time for filing a direct appeal expires. Kapral v. United States, 166 F.3d 565 (3d Cir. 1999). A notice of appeal must be filed with the district court within 10 days of the latter of the entry of either the judgment or the order being appealed. FED. R. APP. P. 4(b)(1)(a)(i). In this case, Defendant was sentenced

2

on February 1, 2006, and the judgment of conviction was entered on the docket on February 9, 2006. At the latest, therefore, the conviction became final on February 19, 2006. The Defendant filed the present Motion on May 2, 2007, more than one year after the pertinent date.

The limitations period, however, may also begin to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[1] 28 U.S.C. § 2255. Here, Defendant relies on Lopez v. Gonzalez, 127 S. Ct. 625, __ U.S. __, 166 L. Ed. 2d 462 (2006), which was decided on December 5, 2006, and held that simple possession of a controlled substance, a felony under state law but a misdemeanor under federal law, is not an "aggravated felony" under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii). "[A] state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law," as opposed to conduct that is a misdemeanor under federal law, but a felony under state law. Lopez, 127 S. Ct. at 633.

Neither the Supreme Court nor the United States Court of Appeals for the Third Circuit has addressed the retroactivity of Lopez.. Although there is some split of authority, I am persuaded by those cases holding that Lopez is not retroactive on

---

[1] The time limit may also run from "2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; ...4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

3

collateral review. E.g., Storeby v. United States, No. 8:02-cr-65-T-24TBM, 2007 U.S. Dist. LEXIS 39494 (M.D. Fla. May 31, 2007); but see United States v. Keyes, No. 05-cr-00217-LTB, 2007 U.S. Dist. LEXIS 83382 (Nov. 9, 2007 D. Co.). Accordingly, I find that the Motion is time-barred, as it was filed more than one year from the time that Defendant's conviction became final.

Even if Lopez applied to alter the chronological landscape here, however, the case is of no avail to Defendant. The limited holding in Lopez is inapplicable in contexts such as this one. See Keyes, 2007 U.S. Dist. LEXIS 83382, at **10-12 (citing cases). Moreover, Defendant has made no showing that would suggest the relevance of Lopez; there is no indication that he had a state conviction that was mistakenly treated und er fed eral la w, or that the Supreme Court's statutory interpretation has any other bearing on his case. He pleaded guilty to 21 U.S.C. § 846, involving at least 100 kilograms of marijuana, which is a felony under federal law, and which carries a mandatory minimum sentence of five years. See 21 U.S.C. § 841(b)(B)(vii); Lopez, 127 S. Ct. 625, 631 n. 7. Accordingly, by its terms, Lopez' treatment of federal misdemeanor law has no bearing here.

As a final matter, I reject Defendant's arguments that the Government failed to prove possession of the amounts pleaded to, and knowledge and intent to distribute. Defendant appears to misapprehend the effect of a guilty plea on the prosecutorial burden of proof; that burden, of course, is nullified. In his plea colloquy, to which Defendant assigns no error, Defendant acknowledged that he was pleading guilty to conspiracy with intent to distribute 100 kilograms of

4

marijuana. "The representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations made in open court carry a strong presumption of verity." Zilich v. Reid, 36 F.3d 317, 320 (3d Cir. 1994) (quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)). Defendant has proffered no reason that I should disregard his statements on the record of the plea hearing.

As a final matter, under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." In this case, for the reasons stated in the foregoing Opinion, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

## CONCLUSION

In sum, after careful consideration, I conclude that Defendant's Motion is time-barred. Even if it were not, however, he has not met his burden under Section 2255. There is no fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure. In addition, no certificate of appealability shall issue. An appropriate Order follows.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER OF COURT

AND NOW, this **3rd** day of December, 2007, after careful consideration and for the reasons set forth within, it is ORDERED that Defendant's Motion to Vacate (Docket No. 65) is DENIED. Moreover, no certificate of appealability shall issue.

BY THE COURT:

*Donetta W. Ambrose*

Donetta W. Ambrose,
Chief U. S. District Judge